## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAVINDER SINGH,

     Petitioner,

v.

WARDEN, Cibola County Correctional
Cener; TODD M. LYONS, Acting Director
of U.S. Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary of the U.S. Department of
Homeland Security; and TODD BLANCHE,
Acting Attorney General of the United States,

     Respondents,

Case No. 1:26-cv-01056-MIS-DLM

## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Ravinder Singh on April 8, 2026. ECF No. 1. Petitioner is an immigration detainee at the Otero County Processing Center. Pet. ¶ 15, ECF No. 1. Petitioner is a citizen of India who entered the United States without inspection on or about September 16, 2025. Id. ¶ 19. Petitioner was apprehended several days later and taken into custody. Id. ¶ 21. He has remained in detention for 200 days. See id. Petitioner is being held under 8 U.S.C. § 1225(b). Id. ¶ 28. Petitioner has not been provided a bond hearing. Id. ¶ 31. He seeks an order enjoining Respondents from transferring him during the pendency of this action and immediate release or, alternatively, a bond hearing within seven (7) days at which the government bears the burden of justifying continued detention. Id. at 15.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas

Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 4.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights); Khan v. Sec'y of Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190 (D.N.M. Mar. 19, 2026) (granting habeas relief to petitioner where the presumptively reasonable six-month-period of confinement had expired and the respondents failed to rebut the petitioner's showing that there was good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2