IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAVINDER SINGH,

     Petitioner,

v.

                                Case No. 1:26-cv-01056-MIS-DLM

WARDEN, Cibola County Correctional
Cener; TODD M. LYONS, Acting Director
of U.S. Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary of the U.S. Department of
Homeland Security; and TODD BLANCHE,
Acting Attorney General of the United States,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Ravinder Singh's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 8, 2026. Respondents Todd M. Lyons, Markwayne Mullin, and Todd Blanche, ("Federal Respondents"),[1] filed a Response on April 23, 2026. ECF No. 10. Upon review of the Parties' submissions, the record, and the relevant law, the Court will grant the Petion for a Writ of Habeas Corpus.

Respondents argue the Court should apply 8 U.S.C. § 1225(b)(2)(A) rather than § 1226(a) because Petitioner was arrested near the border. Resp. at 2, ECF No. 10 ("[T]he Court has distinguished its prior rulings based on the proximity of the arrest to the border.") (citing Hinein v.

---

[1]     Respondent Warden, Cibola County Correctional Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Noem, No. 1:26-CV-00366-MIS-DLM, 2026 WL 541003, at *1 (D.N.M. Feb. 26, 2026)). Respondents argue that basing a §§ 1225(b)(2)(A) and 1226(a) distinction on "the border and the interior is imprecise because it is not clear where the demarcation occurs." See id. at 3. Respondents encourage this Court to follow Eighth and Fifth circuit precent to eliminate the impact of an "ill-defined geographic framework." Id. Respondents note that Mursalin v. Dedos, in which the Court granted a petition for a writ of habeas corpus, No. 1:25-CV-00681-MIS-JMR, 2025 WL 3140824, *8 (D.N.M. Nov. 10, 2025), also involved a "border arrest" but distinguish Mursalin because it involved an expedited order of removal, Resp. at 2, ECF No. 10.

In Mursalin, the petitioner was arrested the day after entry, as here, but was released on parole a month later. 2025 WL 3140824, at *2. He was detained again seven months after his release. Id. at *3. Because the petitioner "[sought] judicial review of an expedited order of removal—Form I-860—under § 1225(b)(1), the Court" found he "was initially detained pursuant to § 1225(b)(1)." Id. at *5. The location and timing of his arrest did not determine whether §§ 1225(b)(1) or 1226(a) applied—his request under § 1225(b)(1) did. See id. Therefore, the Court does not rely on Mursalin to make its determination here.

The Court tangentially addressed location and timing of arrest in Mardanpour v. Warden, where the petitioner was arrested on the same day of his entry "near the San Ysidro Port of Entry." No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *1 (D.N.M. Apr. 9, 2026). That petitioner did not argue § 1226 applied to him, and so the Court "assumed without deciding that Respondents are correct that Petitioner is an 'arriving alien' whose detention is governed by Section 1225(b)(2)." Id. at *3. In Mardanpour, the Court noted that St. Charles v. Barr cited federal regulations in finding that that "[Noncitizens] who unlawfully enter the United States and are detained within 14 days of entry and within 100 miles of the border are treated the same as 'arriving

2

aliens' under the current statutory and regulatory scheme." Id. (citing 514 F. Supp. 3d 570, 576 (W.D.N.Y. 2021)). Here, the Court also notes that Department of Homeland Security v. Thuraissigiam held that an alien attempting to enter the country illegally and apprehended "just 25 yards from the border . . . has no entitlement to procedural rights other than those afforded by statute." 591 U.S. 103, 107 (2020). Location and timing of arrest, however, is not pertinent in this case.

The Court makes its determination based on DHS's designation of the Petitioner as an alien present in the United States rather than an arriving alien. In Form I-213, completed the day after Petitioner entered the United States and the same day he was apprehended, see Pet. ¶ 2, ECF No. 1; ECF No. 10-1 at 1, DHS designated Petitioner as a "alien present without admission or parole," ECF No. 10-1 at 2. In the Notice to Appear, completed over a month later, DHS marked the box informing Petitioner "You are an alien present in the United States who has not been admitted or paroled" and left blank the box stating, "You are an arriving alien." ECF No. 10-2 at 1. The Court finds Respondents have conceded Petitioner is an alien present without admission or parole and he is not an arriving alien.

Since § 1225(b)(2) applies to arriving aliens, Mardanpour, 2026 WL 963164, at *3, and § 1226(a) applies to aliens "already present in the United States," Lopez-Romero v. Lyons, No. 2:25-CV-01113-MIS-JHR, 2026 WL 92873, at *4 (D.N.M. Jan. 13, 2026), and since DHS designated Petitioner as "an alien present in the United States," Notice to Appear at 1, ECF No. 10-2; see Form I-213 at 2, ECF No. 10-1, the Court finds that § 1226(a) applies to Petitioner.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained

in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero</u>, 2026 WL 92873. Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 10.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Ravinder Singh's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Respondents **SHALL** file a Notice of Compliance with this Order; and

6.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE